UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21693-CIV-MORENO

CARLOS RAMOS,

    Plaintiff,

vs.

AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC.
SCOTT TINKLER, NEIL GOODMAN, and RON
SORCI,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 16)**, filed on **July 3, 2012**. Defendant Aventura Limousine, moves to dismiss Plaintiff's FLSA complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) on two grounds: (1) that the Plaintiff has not presented sufficient factual allegations regarding FLSA coverage and (2) that the Plaintiff has not made a prima facie case because of a lack of explicitly calculated damages. The Court disagrees with both premises and the motion is denied.

I. Background

Plaintiff Carlos Ramos is employed by Defendant Aventura Limousine as an independent operator driver. The Plaintiff drives Defendant-owned vehicles for Defendant's clients in a transportation service. The Plaintiff must follow Defendant's procedures and policies with regards to driving and was trained by Defendant. As such, the Plaintiff alleges that he has been misclassified as an independent contractor. He brings an action under the FLSA, 29 U.S.C. §201, *et seq.* for

overtime wages and unpaid back wages. Plaintiff also seeks liquidated damges, attorney's fees, and costs.

II. Analysis

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). This tenet, however, does not apply to legal conclusions. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

Defendant Aventura brings its motion to dismiss on two grounds: that the Plaintiff has not presented sufficient factual allegations and that the Plaintiff fails the prima facie test by not calculating damages. On the first ground, the defendant argues that the Plaintiff's assertion of 'enterprise coverage' is inadequate. The plaintiff states that "Defendants were, and continue to be, an enterprise engaged in commerce' within the meaning of FLSA" and "the annual gross revenue of Defendants was in excess of $5,000,000.00 per annum." To state a FLSA case for enterprise coverage a plaintiff must show that the employer is an enterprise. Under § 203(s) an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that both"(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" ***and*** "(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Delisle v. LYG Corp.*, 535 F. Supp. 2d 1266, 1267 (S.D. Fla. 2008). The Eleventh Circuit and this court have been clear that both elements are necessary. *See Sandoval v. Florida Paradise Lawn Maint., Inc.*, 303 Fed. Appx. 802, 805 (11th Cir. 2008) ("Both prongs must be met."); *Delisle* at 1267. "Although bare bone allegations are acceptable for 'enterprise' coverage ... the most salient element of an 'enterprise' allegation will be the amount of business a defendant does." *Vierra v. Sage Dining Servs., Inc.*, 2010 WL 4867557, at *3 (M.D. Fla. 2010) (quotations omitted). The descriptions of the Defendant company and its principal service, the provision of drivers and luxury car service, meets the standard for an enterprise. Interstate commerce has traditionally included the transportation service industry and it requires no unreasonable inference given what is included in the complaint that the plaintiff has satisfied both prongs of an employee working on goods or materials produced for commerce and an annual gross volume with the necessary minimum. Because the plaintiff has plead the sufficient factual allegations, the motion to dismiss is denied.

On the second ground, Defendant states that Plaintiff has not made a prima facie case for a FLSA violation. To establish a prima facie case for FLSA violations, a plaintiff must show three basic requirements: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours a week but was not paid overtime wages." *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *2 (S.D. Fla. 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)); *see also* 29 U.S.C. §§ 206(a), 207(a)(1). There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages.

The Plaintiff alleges in his complaint that from January 2007 to the present date at various times he worked in excess of forty hours in a single week and was not paid at one and a half times his regular rate.

III. Conclusion

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendant shall file its answer to the complaint by **September 18, 2012.**

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of August, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record